**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SPECIALISTS MARKETING SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MACHINTEL, <br><br> Defendant. | Civil Action No. 25-1528 (JXN)(AME) <br><br><br> **OPINION** |

**NEALS**, District Judge

Before the Court is Plaintiff Specialists Marketing Services, Inc.'s ("Plaintiff") motion for entry of default judgment (ECF No. 9) pursuant to Federal Rule of Civil Procedure[1] 55(b)(2) against Defendant Machintel ("Defendant"). The Court has carefully considered Plaintiff's submissions and decides this matter without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion to enter default judgment is **GRANTED**.

## I.    BACKGROUND

### A.    Statement of Facts[2]

On March 12, 2024, Plaintiff allegedly entered into a written agreement ("Agreement") with Defendant. (*See* Compl. ¶ 6, ECF No. 1.) Plaintiff agreed to refer certain clients to Defendant to purchase Defendant's Global Location Data ("Data"). (*Id.* ¶ 7.) In exchange, Defendant agreed

---

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[2] In evaluating a motion for default judgment, the Court "should accept as true the well-pleaded factual allegations of the complaint, but need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages." *Newman v. Axiom Worldwide*, No. 06-5564, 2010 WL 2265227, at *2 (D.N.J. June 2, 2010) (citing *Comdyne I, Inc. v. Corbine*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

to pay Plaintiff a referral fee equal to fifty percent of the net revenue it received from such referred clients ("Referral Fee"). (*Id.*) Defendant agreed to pay the Referral Fee within thirty days of Defendant receiving payment from the referred clients. (*Id.* ¶ 10.) And Defendant was obligated to maintain accurate books and records relating to the net revenue it received from those clients. (*Id.*; *see also* Compl. Ex. A ("Agreement") § 5, ECF No. 1-1.)

Per the Agreement, Plaintiff allegedly referred two companies, Mobilewalla and Passby, on March 12, 2024, and March 19, 2024, respectively, to purchase Data from Defendant. (Compl. ¶¶ 11–12.) Plaintiff asserts it fulfilled all its obligations under the Agreement, but Defendant failed to pay Plaintiff any Referral Fees. (*Id.* ¶¶ 13–15.) According to Plaintiff, both Mobilewalla and Passby confirmed they respectively made monthly payments of $15,000 and $3,000 to Defendant for the Data. (*Id.* ¶¶ 18, 20.) Plaintiff claims it was therefore entitled to monthly payments of $7,500 and $1,500 for the revenue generated by Mobilewalla and Passby for the duration of their relationship with the Defendant. (*Id.* ¶¶ 19, 21.) Plaintiff asserts Defendant failed to make any of the required payments to Plaintiff. (*Id.* ¶ 22.)

Plaintiff claims it demanded payment on August 29, 2024, but Defendant responded that it was behind on payments because its clients were behind on payment. (*Id.* ¶¶ 23–24.) On September 4, 2024, however, Mobilewalla allegedly told Plaintiff its payments to Defendant were on time. (*Id.* ¶ 25.) Two weeks later, Defendant reportedly emailed Plaintiff assuring all outstanding and current payments would be made "as quickly as possible." (*Id.* ¶ 26.) On September 27, 2024, Plaintiff warned Defendant it was in breach of contract and demanded $46,500 for all outstanding debts by October 8, 2024, but Defendant did not respond or make any payment by the deadline. (*Id.* ¶¶ 27–28; *See* Compl. Ex. B ("First Demand Letter") at 2, ECF No. 1-2.) On November 21, 2024, Defendant allegedly emailed Plaintiff stating that payments would be processed shortly, but

2

Plaintiff never received any payments. (Compl. ¶¶ 29–30.) On January 8, 2025, Plaintiff sent another demand letter with a spreadsheet outlining the $82,500 in outstanding payments then owed. (*Id.* ¶ 32; Compl Ex. C ("Second Demand Letter"), ECF No. 1-3.)

### B.    Procedural History

On February 27, 2025, Plaintiff filed a complaint against Defendant in this Court. (*See* Compl.) The Complaint includes claims for breach of contract (Count I), conversion (Count II), unjust enrichment (Count III), and account stated (Count IV). (*See id.*) Broadly, Plaintiff alleges Defendant breached the Agreement by failing to report usage and revenue generated from clients Plaintiff referred to Defendant and by failing to pay Plaintiff the agreed upon Referral Fee. (*See id.*) Plaintiff alleges Defendant owes $91,500 in unpaid Referral Fees. (*Id.* ¶ 34.) Plaintiff served a summons, a copy of the complaint, and the civil cover sheet on Chimere Brooks, who is purportedly authorized to accept service for Defendant. (*See* Aff. of Service, ECF No. 4.) Defendant did not respond to or otherwise answer the Complaint. Plaintiff requested Clerk's entry of default on April 18, 2025, and again on June 12, 2025. (*See* First Req. Default J., ECF No. 6; Second Req. Default J., ECF No. 7.) The Clerk entered default on June 13, 2025. On August 7, 2025, Plaintiff moved for default judgment against Defendant under Rule 55. (Pl.'s Moving Br., ECF No. 9.)

### II.    LEGAL STANDARD

Rule 55(b)(2) permits a party to apply for and the Court to enter default judgment against a party who fails to plead or otherwise defend claims asserted against it. Entering default judgment is a matter of the Court's discretion, but it is a disfavored remedy because default judgment precludes a ruling on the merits. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180–81 (3d Cir. 1984). Accordingly, before entering default judgment, the Court must: "(1) determine it has jurisdiction

both over the subject matter and parties; (2) determine whether Defendants have been properly served; (3) analyze the complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015).[3]

Then, the Court must consider: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008); *see also Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (acknowledging the same "[t]hree factors control whether a default judgment should be granted.").

A defense has merit if the allegations of the defendant's answer, if established at trial, would constitute a complete defense to the action. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (citations omitted). Prejudice to plaintiff exists where the plaintiff has no other means of vindicating its claim or obtaining relief. *Husain*, 265 F. App'x at 133 (affirming denial of default judgment where plaintiff "appeared to suffer little, if any, prejudice from the denial of his motion."). A defendant's "failure to appear in th[e] matter permits the Court to draw an inference of culpability on their part." *JUUL Labs, Inc. v. Zoey Trading LLC*, No. 21-19299, 2022 WL 970412, at *6 (D.N.J. Mar. 31, 2022).

In ruling on a default judgment motion, the Court "must accept as true every 'well-pled' factual allegation of the complaint." *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. 2015) (quoting *Comdyne I*, 908 F.2d at 1149). "A court need not, however, accept the plaintiff's legal conclusions, nor the plaintiff's assertions concerning damages." *Id.*

---

[3] Before a party may move for default, the Clerk must enter default against the non-moving party. Fed. R. Civ. P. 55(a). *See also Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008) (noting that entry of default by the Clerk under Rule 55(a) "constitutes a general prerequisite for a subsequent default judgment under Rule 55(b).")

4

## III.   DISCUSSION

### A.   Plaintiff Meets the Threshold Requirements for Default Judgment

#### i.   *The Court has Subject Matter Jurisdiction*

Here, the Court's authority lies in diversity jurisdiction. Under 28 U.S.C. § 1332, the Court may hear "civil actions between citizens of different states with the amount in controversy exceeding the sum or value of $75,000." *Rockefeller v. Comcast Corp.*, 424 F. App'x 82 (3d Cir. 2011). For purposes of establishing diversity jurisdiction, a corporation is a citizen of both (1) the state in which it is incorporated and (2) the state where it has its principal place of business. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citing 28 U.S.C. § 1332(c)). If the amount in controversy is alleged in good faith, the Court accepts it unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). The party invoking the federal jurisdiction bears the burden of establishing that it exists. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998).

Plaintiff is a New Jersey corporation principally doing business in New Jersey. (Compl. ¶ 1.) Defendant is a Delaware corporation principally doing business in California. (*Id.* ¶ 2.) Accordingly, the parties are completely diverse. Plaintiff further alleges that the amount in controversy is $91,500. (*See id.* ¶¶ 3, 34.) There is no indication that this allegation was made in bad faith, nor does it appear to a legal certainty that the claim is less than the jurisdictional threshold. Therefore, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

5

### ii.    The Court has Personal Jurisdiction over Defendant

The Court may exercise personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction pursuant to Rule 4(K)(1)(a). Since only state courts are courts of general jurisdiction, to exercise jurisdiction under Rule 4(K)(1)(a), the Court looks to the law of the state where it sits, New Jersey. *Ngambo v. N.Y. State Dep't of Tax'n & Fin.*, No. 24-2545, 2025 WL 1650011 at *2 (3d Cir. June 11, 2025). The Court has jurisdiction over the parties to the extent provided under New Jersey law. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004). New Jersey's long-arm statute permits jurisdiction to the fullest extent allowed by the Fourteenth Amendment. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998).

Under the Fourteenth Amendment, personal jurisdiction may be either general or specific. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). General jurisdiction over a corporation is proper "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). Specific jurisdiction exists when a defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Miller Yacht Sales*, 384 F.3d at 96 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

Parties can also consent to personal jurisdiction. *See Burger King Corp.*, 471 U.S. at 472 n.14; *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 138 (2023). Personal jurisdiction is a legal right a party may bargain away "where that party perceives the bargain as advantageous." *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 374 (D.N.J. 2000). "[T]here are a 'variety of

legal arrangements' by which a litigant may give 'express or implied consent to the personal jurisdiction of the court.'" *Burger King Corp.*, 471 U.S. at 472 n.14 (quoting *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982)). "[P]articularly in the commercial context, parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction." *Id.* (citing *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964)). "[C]ontractual consent to personal jurisdiction should be enforced unless it would be unreasonable or unjust to do so." *Park Inn Int'l*, 105 F. Supp. 2d at 373 (citing *Burger King Corp.*, 471 U.S. at 472 n.14). Courts will invalidate a forum selection clause "only if it was the product of fraud or overreaching, if the agreed forum is so inconvenient as to deprive the litigant of his day in court, or where enforcement would contravene a strong public policy of the forum in which the suit is brought." *Id.* (quoting *The M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)).

Here, the Agreement has a forum selection clause stating:

> This Agreement and all matters arising out of or relating to this Agreement will be governed by the laws of the State of New Jersey, without regard to its conflict of laws provisions and without regard to the United Nations Convention of the International Sale of Goods (if applicable). The Parties irrevocably consent to the exclusive jurisdiction and venue of the state and federal courts located in Bergen County, New Jersey for any actions arising out of this Agreement.

(Agreement § 14.1.) This matter unquestionably arises out of the Agreement—specifically, the breach thereof. New Jersey's courts are not "so inconvenient" as to deprive Defendant of their day in court. Indeed, Defendant, a Delaware corporation, *agreed* to litigate matters here. Nor is there any evidence in this record of fraud or overreach. Thus, Defendant consented to personal jurisdiction in New Jersey.

### iii. Service was Proper

The Court must also determine whether Defendant was properly served. Rule 4 provides a corporation may be served "by delivering a copy of the summons and of the complaint to an officer,

7

a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(c). Service must take place within ninety days of filing the complaint. Fed. R. Civ. P. 4(m).

Here, on March 11, 2025—thirteen days after filing the complaint—Plaintiff served a summons, a civil cover sheet and, a copy of the complaint on Chimere Brooks, who was allegedly authorized to accept service for the Defendant. (*See* Aff. of Service, ECF No. 4). Accordingly, service was proper under the Rules.

### iv.   *Venue is Proper*

Venue is proper in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought . . . ., any judicial district in which any defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b). But the venue statute does not "impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue." 28 U.S.C. § 1406(b).

Here, by failing to appear, answer, or defend against this action, Defendant interposed no objection to venue. And, in any event, "[l]ike personal jurisdiction, an objection to venue may be waived." *Park Inn Int'l*, 105 F. Supp. 2d at 375. "As with personal jurisdiction, parties may waive objections to venue by contract." *Glob. Chems. Corp. v. Indemil Industria E Comercio S.A.*, No. 25-912, 2025 WL 3718755, at *7 (D.N.J. Dec. 23, 2025) "When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 66

(2013). "A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place." *Id.* Here, the parties agreed to New Jersey courts as a proper venue. Seeing no fraud, overreaching, serious inconvenience, or contravention of public policy, the Court holds the parties to their bargain and finds venue is proper.

### v.    *The Complaint States a Claim for Breach of Contract*

"Before awarding a default judgement, the Court must determine whether the moving party's complaint establishes a legitimate cause of action." *Chanel, Inc.*, 558 F. Supp. 2d at 537. The Court "should accept as true the well-pleaded factual allegations of the complaint, but need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages." *Newman*, 2010 WL 2265227, at *2 (citing *Comdyne I*, 908 F.2d at 1149).

The Third Circuit applies a three-step framework in evaluating the sufficiency of a complaint. First, the Court identifies "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the Court accepts all plaintiff's well-pleaded factual allegations as true and "construe[s] the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). But the Court disregards "legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016). Third, the Court considers "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

9

To state a claim and recover for breach of contract under New Jersey law, Plaintiff "must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007).

### a.    Contract

A contract arises under New Jersey law when parties "agree on essential terms and manifest an intention to be bound by those terms." *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 435 (1992). The contract must also be supported by consideration, i.e., "a bargained-for exchange of promises or performance that may consist of an act, a forbearance, or the creation, modification, or destruction of a legal relation." *Shebar v. Sanyo Bus. Sys. Corp.*, 111 N.J. 276, 289 (1988).

Plaintiff alleges that on March 12, 2024, the parties agreed Plaintiff would refer clients to Defendant in exchange for a Referral Fee and reduced their agreement to writing. (*See* Compl. ¶¶ 6-7.) Taken as true, Plaintiff's allegations establish that the parties agreed on essential terms, intended to be bound by those terms, and bargained for an exchange of promises. So, the Complaint adequately alleges a contract.

### b.    Performance and Breach

Plaintiff alleges that it referred clients to Defendant, but that Defendant breached by failing to pay required Referral Fees. (Compl. ¶¶ 11–15.) These allegations, taken as true, demonstrate Plaintiff performed under the Agreement, but Defendant did not. *Globe Motor Co. v. Igdalev*, 225 N.J. 469, 482 (2016).

### c.    Damages

Plaintiff alleges Defendant's breach cost Plaintiff $91,500 in unpaid referral fees. (*Id.* ¶ 34.) This allegation, taken as true solely for the purpose of determining whether there were

10

damages (as opposed to the amount of damages), demonstrates that Plaintiff indeed suffered damages. *See, e.g., Murphy v. Implicito*, 392 N.J. Super. 245, 265 (App. Div. 2007) (discussing contract damages).

Taken together, Plaintiff plausibly alleges a breach of contract claim.

**B.    Default Judgment is an Appropriate Remedy**

### i.    *No Meritorious Defense Exists*

As discussed above, a meritorious defense exists if the "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (citation omitted). Yet "Defendant's failure to answer makes it practically impossible for the Court to determine whether the defendant has a meritorious defense." *Ortez v. Beta Elec. ELP, LLC*, No. 23-3693, 2025 WL 2169973, at *6 (D.N.J. July 31, 2025) (quoting *GP Acoustics, Inc. v. Brandnamez, LLC*, No. 10-539, 2010 WL 3271726, at *4 (D.N.J. Aug. 17, 2010)). On this record, the Court does not find a meritorious defense exists.

### ii.    *Denying the Motion Would Prejudice Plaintiff*

Plaintiff filed this action on February 27, 2025, and properly served Defendant on March 11, 2025. (*See* Compl; Aff. of Service.) Yet, for over a year, Defendant has failed to appear, respond, or defend against this action. Aside from granting default judgment, Plaintiff has "no other means of vindicating [its] claim" against Defendant. *Peterson v. Boyarsky Corp.*, No. 08-1789, 2009 WL 983123, at *4 (D.N.J. Apr. 8, 2009). By extension, Plaintiff is left with "no other means of receiving owed payment without the Court granting default judgment." *Ortez*, 2025 WL 2169973, at *6. Thus, the Court concludes denying default judgment would prejudice Plaintiff.

11

### iii.    *Defendant is Culpable*

Defendant is presumptively culpable because it failed to respond to the Complaint. *See Slover v. Live Universe, Inc.*, No. 08-2645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) ("Defendant is also presumed culpable where it has failed to answer, move, or otherwise respond.").

Default judgment is appropriate as no meritorious defense exists, the resulting prejudice to Plaintiff if denied, and Defendant's presumed culpability warrant entry.

## IV.    Amount of Damages

Although the entry of default judgment constitutes an admission of the complaint's well-pleaded factual allegations as to liability, it does not constitute an admission of damages. *Comdyne I*, 908 F.2d at 1149. The Court must independently determine the appropriate amount of damages. *Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers Loc. Union No. 42 v. S. Jersey Insulation Servs., Inc.*, No. 05-3143, 2007 WL 276137, at *2 (D.N.J. Jan. 26, 2007) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). The Court may also conduct a hearing to determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B). "At the very least, Plaintiff must present documentary evidence, such as invoices and ledgers, or testimonial evidence to explain how it computed damages in this case." *Gentile Concrete Co. Inc. v. L&L Redi-Mix, Inc.*, No. 21-20515, 2022 WL 248098, at *2 (D.N.J. Jan. 26, 2022).

Plaintiff seeks $91,500 in damages. (*See* Mot. Default J. ¶ 26, ECF No. 9-1.) But the documentation Plaintiff provided does not explain how it reached that number. At most, Plaintiff supplies the January 8, 2025 demand letter, which included a spreadsheet of then-outstanding payments. (*See* Second Demand Letter.) But that spreadsheet showed Defendant owed $82,500.

12

(*Id.*) Moreover, there is no evidence of the balance Plaintiff seeks or any suggestion of the amount Plaintiff seeks in attorneys' fees, costs, or interest.

"In the absence of sufficient evidentiary support, the Court may order or permit the plaintiff to provide additional evidence to support his or her allegations." *Paniagua Grp., Inc. v. Hosp. Specialists, LLC*, 183 F. Supp. 3d 591, 606 (D.N.J. 2016) (quoting *Mancuso v. Tyler Dane, LLC*, No. 08-5311, 2012 WL 1536210, at *2 (D.N.J. May 1, 2012)). Therefore, Plaintiff is granted leave to provide supplemental documentation in support of its damages, attorneys' fees, costs, and interest. The documentation of attorneys' fees and costs shall comply with pursuant to Local Civil Rule 54.2. Plaintiff shall provide supplemental documentation within thirty days hereof.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment (ECF No. 9) is **GRANTED**. The Court **RESERVES** decision on the amount of damages, attorneys' fees, costs, and interest pending the Court's review and receipt of supplemental documentation as instructed herein.

DATED: **3·18·26**

JULIEN XAVIER NEALS
United States District Judge

13